UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALTON WILLIAMS, SPN #01589841, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-20-1352 |
| STATE OF TEXAS, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

The plaintiff, Alton Williams, also known as Alton Williams, Jr. (SPN #01589841), is an inmate in custody at the Harris County Jail. The plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 against the State of Texas regarding his confinement at the Jail. Because he is an inmate who proceeds *in forma pauperis*, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court will dismiss this case for the reasons explained below.

**I.     BACKGROUND**

Williams is currently confined in the Harris County Jail as a pretrial detainee. Public records from the Harris County District Clerk's Office clarify that Williams has been charged with several criminal offenses, including assault on a family member as a repeat offender in Harris County Cause No. 1645479, and possession of a deadly weapon while confined in a penal institution in Harris County Cause No. 1649890.[1] The indictments in both cases, which are pending in the 232nd District Court for Harris County, Texas, are enhanced for purposes of punishment with allegations that Williams has at least two prior felony convictions for aggravated assault with a deadly weapon and assault on a family member. He is being held on a $50,000.00 bond.

In his pending civil rights complaint, Williams sues the State of Texas under 42 U.S.C. § 1983 [Doc. # 1, at 2]. Williams takes issue with an Executive Order issued by Governor Greg Abbott, prohibiting the release of "certain offenders" on personal recognizance bonds during the global pandemic caused by the coronavirus [*Id.* at 3]. Williams refers to Texas Executive Order GA-13, issued by Governor Abbott on March 29, 2020, which temporarily suspended Article 17.03 of the Texas Code of Criminal Procedure and other statutes to preclude the release on personal

---

[1] *See* Harris County District Clerk's Office website: https://www.hcdistrictclerk.com (last visited April 23, 2020).

bond of any person previously convicted of a crime that involves physical violence or any person currently arrested for such a crime that is supported by probable cause. *See* 2019 TX EO 13 (relating to detention in county and municipal jails during COVID-19 disaster). The only exception is for an arrestee who, after an individualized hearing, is able to show that he is particularly vulnerable because of underlying health issues or medical conditions. *See id*. Reasoning that the Executive Order has prevented him from being released, Williams seeks compensatory damages for his mental anguish and emotional distress [Doc # 1, at 3].

## II.   DISCUSSION

Because this lawsuit is governed by the PLRA, Williams cannot recover compensatory damages for mental anguish due to his confinement without showing that he has suffered a physical injury. *See* 42 U.S.C. § 1997e(e). Williams does not allege facts establishing that he has suffered a physical injury. Even assuming that his anxiety is severe, Williams cannot recover damages from the State of Texas for other reasons.

"To establish a claim under [42 U.S.C. § 1983], a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Pratt v. Harris County, Tex*., 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted). The State of Texas is not a "person"

under § 1983. *See Will v. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that hold that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Likewise, claims for damages against a State are barred in federal court under the principle of sovereign immunity established by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.") (citations omitted). As a result, Williams's complaint for damages must be dismissed for failure to state a claim for which relief may be granted.

In addition, to the extent that William's complaint seeks release on bond the Supreme Court has recognized that a civil rights complaint pursuant to 42 U.S.C. § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, when an inmate seeks injunctive relief that challenges the fact or duration of his confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). For this reason, the Fifth Circuit has held that a prisoner who challenges a state court's decision regarding his bond should raise those claims in a pretrial habeas petition governed by 28 U.S.C. § 2241 and not in a civil rights complaint. *See Dunn v. Prince*, 327 F. App'x 452, 454 (5th Cir. 2009) (per curiam) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 1987)); *see also Homer v. State of Texas*,

No. 3:10-cv-2549, 2011 WL 721972, at *2 (N.D. Tex. Feb. 7, 2011) (explaining that challenges to the constitutionality of his confinement based on the inability to post the high pretrial bond are cognizable in a pretrial habeas corpus proceeding under 28 U.S.C. § 2241) (citing *Keith v. Cotton*, No. 3:09–cv-0199, 2009 WL 1288417, at *1 (N.D. Tex. May 8, 2009) (pretrial habeas corpus action challenging reasonableness of pretrial bond)).

The court declines to re-characterize Williams's civil rights complaint as a federal habeas corpus petition. Before seeking habeas relief under § 2241 in federal court, a pretrial detainee must exhaust available state court remedies. *Dickerson*, 816 F.2d at 225 (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)) (citations omitted). Public records reflect that Williams, who has a lengthy record of criminal offenses, is represented by counsel in his state court proceeding, which remains ongoing.[2] Counsel has filed a motion requesting that Williams be released on bond due to concerns about COVID-19, but the trial court has not yet ruled on that request. Williams has not otherwise exhausted available state court remedies for purposes of seeking habeas review under 28 U.S.C. § 2241.[3]

---

[2] For this additional reason, Williams's civil rights claims are barred by the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), which holds that federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present.

[3] A Texas pretrial detainee who has been denied bond may file a direct appeal with the Texas Court of Criminal Appeals. *See* Tex. Const. Art. 1 § 11a(a). Likewise, a Texas pretrial detainee who complains about the amount of his bond may file an application for

Accordingly, this action will be dismissed for failure to state a claim upon which relief may be granted.

### III.  CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Alton Williams is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B).

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk's Office will provide a copy of this order to the plaintiff.  The Clerk will also provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on __April 29_____, 2020.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

writ of habeas corpus to raise pre-conviction issues with the judge of the court in which he has been indicted. *See* Tex. Code Crim. Proc. § 11.08. If the trial court denies habeas relief, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)).